The opinion of the Court was delivered by
Wardiaw, Ch.
The wife and children of Richard G. Green, plaintiffs, proceed against him and the executor of Benjamin Allston, the Bank of Georgetown and Samuel Kirton, defendants, for the purposes of having a parol trust as to certain slaves in behalf of the plaintiffs, declared and established, and of enjoining the Bank and Kirton from selling and disposing of said slaves. The complaint is, that Benjamin Allston purchased these slaves March 3, 1845, at Sheriff's sale, under a fi. fa. issued in 1841, in the case of Coachman, executor of Lathrop, against R. G. Green, for a full price appropriated towards satisfaction of the execution, and delivered them to plaintiffs for their separate use, free from the control and liabilities of R. G. Green ; and that plaintiffs, remaining in the enjoyment of this property, were unlawfully dispossessed in April, 1856, by the Sheriff of Georgetown, acting under the direction of the Bank and Kirton, and without other authority than the execution mentioned, which had lost its activity by lack of renewal. Richard G. Green, husband and father of plaintiffs, admitted on the bill all its allegations ; the executor of B. Allston, in his answer, ignored the whole matter, except the payment for his purchase' by B. Allston ; and the Bank and Kirton, who were the assignees of the said execution, denied all notice or belief that these slaves, which were in the possession of Richard G. Green, were held on any trust *36 whatsoever. No material evidence was offered at the hearing. The Chancellor adjudged and ordered that the bill be dismissed for want of proof of its allegations, and that an injunction which had been granted by the Commissioner be dissolved. From this decree the plaintiffs appeal.
Their first ground of appeal asserts, that as Kirton and the Bank had seized the slaves without legal authority, they should be restrained by injunction from consummating their illegal purpose. It is not disputed that the seizure of the slaves by these defendants was not authorized by a dormant execution, and that they were in fact naked trespassers. It is likely -that in the proper tribunal, where trespasses are considered and damages awarded, R. G. Green might recover for the unlawful injury to his possession; but he makes no complaint as plaintiff or appellant. The plaintiffs insist that through him, who acknowledges their beneficial interests, they may demand the restoration of the slaves to that legal possession in which they were before this possession was invaded by the unlawful act of some of the defendants. Frequently in this Court, where all the parties in interest are before the tribunal, it is regarded as indifferent on which side of the controversy they may be arrayed; but it is very unusual to allow to any party to complain of the invasion of the merely legal rights of another where the latter is silent and acquiescent. The jurisdiction of the Court for the specific delivery of such personal property as is now in controversy, is firmly established, where the right of the plaintiff is clear; but it never has been, and it ought not to be exercised where the right of the plaintiff is liable to be soon defeated and the possession of the defendant may become lawful by easy resort to legal procedure. Here the wrong of the Bank and Kirton consists in levying under a dormant execution, which may be soon revived. A technical trespass has been committed, but the Court of Law is the proper tribunal for the redress of this injury. If there had been allegation and proof that defendants were insolvent, this Court might properly ..have interfered, *37 possibly for restoration, certainly for preservation of the property pending litigation; but the solvency of the offending defendants is conceded.
• The second ground of appeal affirms that as defendant, R. G. Green, admitted the trust set up by plaintiffs, such trust should have been declared by decree against him, and a new trustee appointed. The brief does not exhibit that there was any prayer for the substitution of trustees; and if it had, such substitution is necessarily subsequent in its nature to the ascertainment and declaration of the trusts. But how is it practicable for the Court, on the information afforded, to ascertain what the trusts were. Was the wife to have a separate estate for life to her separate use with remainder to her husband, if survivor, or to her children, in any event, at her death ? Or were the wife and children to enjoy the estate jointly, in exclusion of the husband? Were further limitations intended? We cannot tell. The plaintiffs, however, do not need our aid. The defendant, R. G. Green, against whom alone they ask the interposition of the Court in this respect, has already admitted all their allegations, and undoubtedly will give them any declaration of trust they may desire. They do not complain that he is contumacious. It is manifest that the purpose of the bill was to restrain the creditors of R. G. Green, and all beyond is a fetch.
It is ordered and decreed that the decree be affirmed and the appeal dismissed.
Dunkin & Da roan, CC., concurred.

Appeal dismissed.